UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                      Plaintiff,

v.                                                          Criminal Action No. 3:25-cr-96-DJH

CHARLES O'LOAN (1) and
AMBER WARNER (2),                                                            Defendants.

* * * * *

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on October 2, 2025, with the following counsel participating:

| | |
|---|---|
| For the United States: | Danielle Yannelli |
| For Defendants: | Scott Wendelsdorf (1) |
| | Jennifer Culotta (2) |

The Court and counsel discussed the procedural posture of the case. The United States reported that discovery is ongoing. Defense counsel noted that they had filed an unopposed motion to continue. (Docket No. 31)  Based on the discussion during the hearing, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    The unopposed motion to continue (D.N. 31) is **GRANTED**. The trial of this matter, currently set for November 17, 2025, is **REMANDED** from the Court's docket, to be reset by subsequent order. All pretrial dates and deadlines previously set in this matter are **VACATED**.

(2)    This matter is **SET** for a status hearing on **October 30, 2025, at 10:30 a.m.** at the U.S. Courthouse in Louisville, Kentucky. The parties will discuss the new trial schedule with the Court during this hearing.

(3)      Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from October 2, 2025, to October 30, 2025, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because the defendants and their counsel would otherwise be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006).  This delay is not due to "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

October 2, 2025

**David J. Hale, Judge**
**United States District Court**

Court Time: 00/15
Court Reporter: April Dowell
cc:      Jury Administrator

2